# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DWIGHT SAMUEL MULBERRY | ) | Case No. 23-10804 JGR |
| SSN: XX-XXX-2755 | ) | |
| | ) | |
| JONI MICHELLE MULBERRY | ) | Chapter 7 |
| SSN: XX-XXX-8923 | ) | |
| Debtors. | ) | |
| | ) | |
| ROBERTSON B. COHEN, Chapter 7 | ) | |
| Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Ad. Pro. No. 24-_____ JGR |
| | ) | |
| FIRETREE DEVELOPMENT | ) | |
| CORPORATION, a Colorado Corporation | ) | |
| and BRENT L. HAWKER, an individual. | ) | |
| | ) | |
| Defendants. | ) | |

# COMPLAINT

Robertson B. Cohen, ("**Plaintiff**") by and through his attorneys Spencer Fane LLP, for his Complaint states:

## I. PARTIES, JURISDICTION AND VENUE

1. On March 6, 2023 ("**Petition Date**"), the Debtors Dwight and Joni Mulberry ("**Debtors**") commenced a voluntary case under chapter 7 of title 11 of the United States Bankruptcy Code ("**Case**").

2. Robertson B. Cohen is the duly qualified and acting trustee of the Debtors' Chapter 7 bankruptcy case ("**Trustee**"). The Debtors' 11 U.S.C. § 341(a) Meeting of Creditors occurred April 3, 2023 ("**341 Meeting**").

3. Plaintiff Robertson B. Cohen is the duly appointed Chapter 7 Trustee in the Debtor's case ("**Trustee**").

4. Pursuant to Fed.R.Bankr.P. 7008, Plaintiff consents to entry of final orders or judgment by the Bankruptcy Court.

5. Defendant Firetree Development Corporation ("**Firetree**" or "**Defendant**") is a Colorado Corporation with its principal business address of 6265 Lehman Drive, Ste 100, Colorado Springs, CO 80918.

6. Defendant Brent L. Hawker is a natural person who, upon information and belief, has his business at the same location as Defendant Firetree - 6265 Lehman Drive, Ste 100, Colorado Springs, CO 80918.

7. Defendant Hawker serves as Firetree's Registered Agent for Service of Process.

8. The Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334 and the automatic referral of bankruptcy matters from the United States District Court for the District of Colorado under D.C.COLO.LCivR 84.1.

9. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

10. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (F), (H) and (O).

11. This adversary proceeding is commenced pursuant to Rule 7001(1), (2) and (9) of the Federal Rules of Bankruptcy Procedure.

12. The Trustee consents to entry of final orders or judgment by the Bankruptcy Court.

## II. GENERAL ALLEGATIONS

13. Pre-petition, the Debtor Dwight Mulberry was the owner in fee simple of real property commonly known as 1548 Elm Avene, Canon City, Colorado 81212 ("**Elm Property**"), and more fully described as follows:

> LOTS 1 & 2 BLK 1 LUCAS SUB TR-D
> EXCEPT THE W 19 FT OF LOT 2 BLK 1 LUCAS SUB REC #387775
> ALSO EXCEPT STATE HWY 115.

14. Pre-petition, the Debtors were in the custom home building and remodeling business, known as Craftsman Homes & Interiors, LLC ("**Craftsman**").

15. The Debtors, through Craftsman, had a business relationship with Brent Hawker ("**Hawker**"), whereby vacant lots or residential real property in Southern Colorado would be purchased by Craftsman. Hawker would sometimes, through various artificial entities, pay a small down payment to help fund respective purchases. Craftsman would then obtain a construction loan, and it would then sell the property and construct a residence (or improvements) for the end-user customer. After the construction was complete, Craftsman and Hawker, though his entities, would share in the expected profits.

2

16. One such entity through which Hawker conducted business with Craftsman and the Debtors was Defendant Firetree.

17. Upon information and belief, the business relationship between Craftsman, Firetree, and Hawker continued for several years pre-petition, dating back to at least 2018. In 2021 or early 2022, Craftsman and the Debtors experienced financial distress, allegedly as a result of the COVID-19 pandemic. They were allegedly unable to complete construction on numerous homes and did not pay subcontractors, eventually leading to claims, lawsuits, and judgments against Craftsman and the Debtors, and eventually leading to the filing of Debtors' chapter 7 Case.

18. As of December 19, 2021, there were no Deeds of Trust encumbering the Elm Property, and it was owned by Debtor Dwight Mulberry free and clear of all liens and encumbrances.

19. On January 25, 2022, Hawker wrote Debtor Dwight Mulberry via email, stating:

> I have prepared a note and deed of trust to create a lien against 1548 Elm Ave. I have dated it February 1st and am prepared to give you a check in the amount of $200,000 on that date subject to Five Star Releasing the lien and you paying for a title policy to ensure clear title and that my deed of trust is the only lien on the property.
> Let me know if this is acceptable to you.

A copy of the January 25, 2022, email, and attachments thereto (draft Promissory Note ("**Note**") and Deed of Trust **("Deed of Trust**")) are attached hereto as Exhibit A.

20. Upon information and belief, the Note and Deed of Trust were prepared to secure Craftsman's performance of obligations due to Hawker, Firetree, and other of Hawker's limited liability companies.

21. Exhibit A reflects that Hawker placed the Note payable to himself rather than to Firetree. He similarly drafted the Deed of Trust so that the Grantee thereon was himself personally.

22. Exhibit A also evidences the disregard for corporate formalities exhibited by Hawker, as those documents were drafted on letterhead of "Action Realty", another of Hawker's entities, and he asserts therein he is the true creditor of Craftsman.

23. At the time Exhibit A was sent to Debtor Dwight Mulberry by Hawker, he was not personally indebted to either Defendant Hawker or Defendant Firetree on any obligation allegedly due and owing to them by Craftsman.

24. Upon information and belief, the referenced Note was not signed by Debtor Dwight Mulberry.

25. The Deed of Trust accompanying the Note was not recorded with the Fremont County Clerk and Recorder.

26. However, months earlier and on December 20, 2021, Debtor Dwight Mulberry also executed a Quitclaim Deed ("**Quitclaim Deed**") to the Elm Property, transferring title thereof from himself to Defendant Firetree (the "**Transfer**") for ten dollars ($10).

27. Hawker is the natural person who reinstated Firetree from its status as a dissolved entity with the Colorado Secretary of State in 2004 and upon information and belief, serves as its President.

28. Roughly five (5) months after it was executed and on May 12, 2022, Defendants caused the Quitclaim Deed to be recorded with the Fremont County Clerk and Recorder's office, thereby transferring title to the Elm Property to Defendant Firetree. A copy of the Quitclaim Deed is attached hereto as Exhibit B.

29. Upon information and belief, given their close and continuing business relationship Defendants are insiders of the Debtors pursuant to 11 U.S.C. § 101(31).

## FIRST CLAIM FOR RELIEF
### (Avoidance and Recovery of Preferential Transfer; 11 U.S.C. §§ 547 and 550 – Against All Defendants

30. Plaintiff incorporates the prior allegations of this Complaint as if fully restated herein.

31. At all times relevant hereto and upon information and belief, Firetree and Hawker assert they were creditors of Debtor Dwight Mulberry.

32. On or within one year before the Petition Date, a transfer of an interest of Debtor Dwight Mulberry was made to or for the benefit of Firetree and Hawker, consisting of the Transfer.

33. The Transfer was made to pay antecedent indebtedness owed by Debtor Dwight Mulberry, due to either Firetree or Hawker, or both.

34. Debtor made the Transfer while insolvent.

35. The Transfer enabled Firetree and Hawker to receive more than they would have if:

    (a) Debtor had filed under Chapter 7 of the Bankruptcy Code;
    (b) The Transfer had not been made; and
    (c) Defendants received payment only as provided under the Bankruptcy Code.

36. Firetree was the initial transferee of the Transfer.

37. Upon information and belief, the Transfer (and any other transfer or payment made to or for Firetree's benefit within one year of the Petition Date) is avoidable under § 547(b) of the Bankruptcy Code.

38. Under § 550 of the Bankruptcy Code, Plaintiff is entitled to recover the Transfer or the value thereof from Firetree as initial transferee, and upon information and belief, to recover the Transfer from Hawker as the person for whom such transfer was made for the benefit (and any other transfers or the value thereof made to or for Defendants' benefit within one year of the Petition Date).

WHEREFORE, Plaintiff prays for the relief hereinafter set forth.

### SECOND CLAIM FOR RELIEF
**(Avoidance and Recovery of Fraudulent Transfers; 11 U.S.C. §§ 548(a)(1)(A) and 550)**

39. Plaintiff incorporates the prior allegations of this Complaint as if fully restated herein.

40. The Elm Property was transferred to Defendant Firetree within two years prior to the Petition Date.

41. Upon information and belief, Defendant Hawker made or caused the Debtor Dwight Mulberry to execute the Quitclaim Deed with actual intent to hinder, delay, or defraud one or more entities to which the Debtors were or became, on or after the date that such transfer was made or such obligation was incurred, indebted.

42. Pursuant to 11 U.S.C. § 550, the Trustee may recover, for the benefit of the bankruptcy estate, the property transferred, or, in the alternative, the value of such property, from the Defendants. The Defendants comprise either the initial transferee of such Transfer or the person or entity for whose benefit such transfer was made; or upon information and belief, are immediate or mediate transferees of such initial transferees.

43. As a direct and proximate result of the acts and omissions of the Defendants, the Debtor Dwight Mulberry suffered and continues to suffer damages for which the Trustee seeks recovery for the benefit of the bankruptcy estate.

44. The Transfer of the Elm Property is avoidable under 11 U.S.C. § 548(a)(1)(A) of the Bankruptcy Code.

WHEREFORE, Plaintiff prays for the relief hereinafter set forth.

### THIRD CLAIM FOR RELIEF
**(Avoidance and Recovery of Fraudulent Transfers; 11 U.S.C. §§ 548(a)(1)(B) and 550)**

45. Plaintiff incorporates the prior allegations of this Complaint as if fully restated herein.

46. On the date that the Transfer to Defendant Firetree occurred:
   a. Debtor Dwight Mulberry was insolvent;

   b. Debtor Dwight Mulberry was engaged in business or a transaction, or was about to engage in business or transactions, for which any property remaining with him was an unreasonably small capital;

   c. Debtor Dwight Mulberry intended to incur, or believed that he would incur, debts that would be beyond his ability to pay as such debts matured.

47. The Transfer is avoidable under 11 U.S.C. § 548(a)(1)(B) of the Bankruptcy Code.

48. Pursuant to 11 U.S.C. § 550, the Trustee may recover, for the benefit of the bankruptcy estate, the property transferred, or, in the alternative, the value of such property, from the Defendants. The Defendants comprise either the initial transferee of such Transfer or the person or entity for whose benefit such transfer was made; or upon information and belief, are immediate or mediate transferees of such initial transferees.

WHEREFORE, Plaintiff prays for the relief hereinafter set forth.

## FOURTH CLAIM FOR RELIEF
**(Avoidance and Recovery of Fraudulent Transfers–11 U.S.C. §§ 544(b)(1), C.R.S. § 38-8-105 and § 38-8-108)**

49. Plaintiff incorporates the prior allegations of this Complaint as if fully restated herein.

50. Defendant Hawker made or caused the Debtor Dwight Mulberry to transfer the Elm Property with actual intent to hinder, delay, or defraud one or more entities to which the Debtor Dwight Mulberry was or became, on or after the date that such transfer was made or such obligation was incurred, indebted.

51. In the alternative, Defendant made or caused the Debtor Dwight Mulberry to incur obligations with actual intent to hinder, delay, or defraud any entity to which the Debtor Dwight Mulberry was or became, on or after the date that such transfer was made or such obligation was incurred, indebted.

52. Upon information and belief, Defendants comprises either the initial transferee of such Transfer or the entity or person for whose benefit such Transfer was made; or upon information and belief, are immediate or mediate transferees of such initial transferees.

53. On the date that the Transfer occurred:
   a. Debtor Dwight Mulberry was insolvent;

   b. Debtor Dwight Mulberry was engaged in business or a transaction, or was about to engage in business or transactions, for which any property remaining with him was an unreasonably small capital;

      c.    Debtor Dwight Mulberry intended to incur, or believed that he would incur, debts that would be beyond his ability to pay as such debts matured.

54. Pursuant to 11 U.S.C. § 544(b), Plaintiff may avoid any transfer of an interest of the Debtor Dwight Mulberry in property or any obligation incurred by the Debtor Dwight Mulberry that is voidable under applicable law by his creditors.

55. Creditors have filed allowable unsecured claims against the Debtor Dwight Mulberry in the underlying Case under 11 U.S.C. § 502, including but not limited to Byram Healthcare, Roger Ewer, and GEB Holdings, LLC.

56. Under applicable law and pursuant to C.R.S. §38-8-105(a)(1), such creditors would be entitled to void the Transfer.

57. The Transfer to Defendant is avoidable under 11 U.S.C. § 544(b)(1) of the Bankruptcy Code.

58. Pursuant to 11 U.S.C. § 550, the Trustee may recover, for the benefit of the bankruptcy estate, the property transferred, or, in the alternative, the value of such property, from the Defendants. The Defendants comprise either the initial transferee of such Transfer or the person or entity for whose benefit such transfer was made; or upon information and belief, are immediate or mediate transferees of such initial transferees.

WHEREFORE, Plaintiff prays for the relief hereinafter set forth.

### FIFTH CLAIM FOR RELIEF
### (Unjust Enrichment – Constructive Trust)

59. Plaintiff incorporates the prior allegations of this Complaint as if fully restated herein.

60. Debtor Dwight Mulberry conferred a benefit upon Defendants by virtue of his Transfer of the Elm Property to Defendant Firetree.

61. Defendants had complete knowledge of the benefits being conferred upon them by Debtor Dwight Mulberry as a result of the Transfer of the Elm Property.

62. Those benefits were accepted by Defendants under circumstances that would made it inequitable for them to retain any such benefits. Those circumstances include, without limitation, the following:

      a.    The Transfer was orchestrated by Hawker, principal of Defendant Firetree, and insider of Debtor Dwight Mulberry, for the benefit of Firetree and himself;

    b.  The Debtor Dwight Mulberry did not receive any consideration in exchange for the Transfer; and

    c.  The Transfer to Firetree was made with Hawker and Firetree's knowledge that Debtor Dwight Mulberry was in financial distress.

  63.  As a remedy for said unjust enrichment, the Court should impose a constructive trust on all assets owned by Firetree or transferred from Firetree to Hawker (or any other entity of, or insider of, Hawker), and determine that such assets remain and constitute property of the Debtor Dwight Mulberry's bankruptcy estate.

  WHEREFORE, Plaintiff prays for the relief hereinafter set forth.

## SIXTH CLAIM FOR RELIEF
### (Recovery of One and One-Half Times Value of Avoided Transfer Pursuant to 11 U.S.C. § 550(a) and C.R.S. § 38-8-108(c))

  64.  Plaintiff incorporates the prior allegations of this Complaint as if fully restated herein.

  65.  The Transfer was made with wrongful intent as alleged hereinabove.

  66.  Under 11 U.S.C. § 550(a), if the Transfer is avoided pursuant to 11 U.S.C. § 544, Plaintiff may recover the property transferred or its value.

  67.  Plaintiff seeks an award of the value of the Transfer of the Elm Property as measured by C.R.S. § 38-8-108(c).

  68.  Under C.R.S. § 38-8-108(c), if a transfer is avoided pursuant to C.R.S. § 38-8-105(1)(a), Plaintiff may obtain a judgment for one and one-half the value of the asset transferred or for one and one-half the amount necessary to satisfy the bankruptcy estate's claims, whichever is less, together with the Plaintiff's actual costs, provided Plaintiff establishes that the transferee acted with wrongful intent as defined in C.R.S. § 38-8-105(1)(a).

  69.  The wrongful intent of Defendants is established by the badges of fraud referenced hereinabove.

  70.  Based upon the foregoing, Plaintiff is entitled to judgment against Defendants pursuant to 11 U.S.C. § 550(a) and C.R.S. § 38-8-108(c), for one and one-half the value of the Transfer, together with his actual costs.

WHEREFORE, Plaintiff prays that the Court:

    a.    Enter judgment in favor of Plaintiff and against the Defendants on each Claim for Relief set forth herein, in an amount to be determined at trial;

    b.    Enter judgment against Defendants pursuant to 11 U.S.C. § 550, for an amount equal to the Transfer alleged herein under 11 U.S.C. §§ 544(a), 544(b), 547, 548, and C.R.S. 38-8-101, *et. seq.*, together with applicable pre-judgment interest, post-judgment interest, and costs;

    c.    Enter judgment against Defendants pursuant to 11 U.S.C. § 550, preserving the Transfer or in the alternative, for an amount equal to one and one-half times the value of the Transfer;

    d.    Enter judgment awarding Plaintiff all costs and attorney's fees incurred; and;

    e.    Enter judgment for such further and additional relief as the Court deems just and appropriate.

Dated: June 18, 2024                              **SPENCER FANE LLP**

                                              **By:** /s/ David M. Miller
                                                   David M. Miller, #17915
                                                   1700 Lincoln St., Suite 2000
                                                   Denver, CO 80203
                                                   Ph. (303) 839-3800
                                                   Fax (303) 839-3838
                                                   e-mail: dmiller@spencerfane.com

                                                 *ATTORNEYS FOR ROBERTSON B. COHEN, TRUSTEE*