UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In RE: | ) | |
| | ) | |
| DWIGHT SAMUEL MULBERRY, | ) | |
| SSN: XX-XXX-2755 | ) | Case No. 23-10804-JGR |
| | ) | |
| JONI MICHELLE MULBERRY | ) | |
| SSN: XX-XXX-8923 | ) | Chapter 7 |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| ROBERTSON B. COHEN, Chapter 7 | ) | |
| Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adv. Proc. No. 24-01130-JGR |
| v. | ) | |
| | ) | |
| FIRETREE DEVELOPMENT | ) | |
| CORPORATION, a Colorado Corporation | ) | |
| and BRENT L. HAWKER, an individual. | ) | |
| | ) | |
| Defendants and Counterclaim Plaintiffs. | ) | |

**PLAINTIFF'S INITIAL DISCLOSURES
PURSUANT TO F.R.C.P. 26(a)(1)**

Plaintiff Robertson B. Cohen ("**Plaintiff**") hereby submits the following Initial Disclosures pursuant to pursuant to F.R.C.P. 26(a)(1):

**INTRODUCTORY STATEMENT**

Plaintiff makes the following disclosures based on the information reasonably available to Plaintiff as of this date. By making these disclosures, Plaintiff does not represent that he is identifying every document, tangible thing, or witness possibly relevant to this lawsuit. Rather, these disclosures represent a reasonable and good faith effort to identify information required by F.R.C.P. 26(a)(1).

Plaintiff has not completed an investigation into the facts of this case, has not concluded discovery in this action, and has not concluded trial preparation. Information contained in these disclosures is therefore based on knowledge and material presently available and known to Plaintiff. It is possible that discovery and independent investigation will supply additional facts, add new meaning to the known facts, or establish entirely new facts that may lead to additions or changes in these disclosures. As necessary, Plaintiff will continue to supplement these disclosures in accordance with the requirements of F.R.C.P. 26(e). The information contained in these disclosures is provided without prejudice to Plaintiff's rights to produce witnesses or documents omitted from these disclosures by oversight or inadvertence. Plaintiff reserves the rights to continue to supplement these disclosures to the extent that Defendant asserts, clarifies, modifies, or otherwise develop additional theories in this lawsuit and to the extent that any counterclaims or additional claims are made in this lawsuit.

Plaintiff reserves the right to object to the use of the information and documents identified below, in any discovery proceedings, at any hearing, and at trial of this or any other lawsuit or administrative action, or for any other purpose. Plaintiff's disclosure and production of documents should not be construed as an admission or stipulation as to the authenticity or admissibility of the produced documents. Plaintiff further reserves all objections to the introduction of the testimony of persons identified below, at any hearing and at trial of this or any other lawsuit or administrative action, or for any other purpose.

Plaintiff does not intend these disclosures to be a waiver or limitation of any privilege, immunity, defense, or other right. Plaintiff makes these disclosures subject to and without waiving the right to protect from disclosure any attorney-client privileged documents or work product of either's attorneys and other representatives, including their mental impressions, conclusions, opinions, or legal theories. Nor does Plaintiff waive the right to object to the production of any document or tangible thing identified herein on the basis of relevancy, undue burden, or any other valid objection. Plaintiff makes these disclosures without waiving (1) the right to object on the grounds of competency, confidentiality, privilege, relevancy, hearsay, or any other proper ground to the use of any such information, for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action; (2) the right to object on any and all grounds, at any time, to any other discovery request or proceeding involving or relating to the subject matter of these disclosures; and (3) the right to supplement or revise these disclosures as investigation and discovery in this matter progresses.

All of the disclosures set forth below are made subject to the above objections and qualifications.

**A.     PERSONS LIKELY TO HAVE DISCOVERABLE INFORMATION.**

Plaintiff presently believes that each of the following persons is likely to have discoverable information that Plaintiff may use to support his claims:

1. Plaintiff, Robertson B. Cohen, Chapter 7 Trustee, c/o undersigned counsel. Mr. Cohen is the Chapter 7 Trustee and possesses information regarding his administration of the estate and the claims which are the subject of Plaintiff's Complaint.

2. Brent Hawker, President of Defendant Firetree Development Corporation, c/o Mark D. Francis, Esq., 1155 Kelly Johnson Blvd., Suite 111, Colorado Springs, CO 80920, (719) 265-6900. Mr. Hawker, as President of Firetree Development Corporation, possess information regarding all aspects of the claims which are the subject of Plaintiff's Complaint.

3. Defendant, Brent L. Hawker, c/o Mark D. Francis, Esq., 1155 Kelly Johnson Blvd., Suite 111, Colorado Springs, CO 80920, (719) 265-6900. Mr. Hawker is the President of Firetree Development Corporation, and he possesses information regarding all aspects of the claims which are the subject of Plaintiff's Complaint.

4. Debtor, Dwight Samual Mulberry, c/o Keri L. Riley, Kutner Brinen Dickey Riley, P.C., 1660 Lincoln Street, Suite 1720, Denver, CO 80264, (303) 832-2400. Mr. Mulberry possesses information regarding all aspects of the claims which are the subject of Plaintiff's Complaint.

5. Debtor, Joni Michelle Mulberry c/o Keri L. Riley, Kutner Brinen Dickey Riley, P.C., 1660 Lincoln Street, Suite 1720, Denver, CO 80264, (303) 832-2400. Ms. Mulberry possesses information regarding all aspects of the claims which are the subject of Plaintiff's Complaint.

6. All individuals and/or entities identified by Defendants in their Answer, Affirmative Defendants, and Counterclaims.

7. Any person or entity identified in F.R.C.P. 26(a)(1) disclosures, or any supplemental disclosures, by any party.

8. Any other persons or entity discovered at a later date, that may have discoverable information, and which Plaintiff may use to support his claims or defenses.

9. All persons and all representatives and employees of entities referenced or identified in all documents disclosed or produced in discovery by any party.

10. Any person necessary for foundation, impeachment, or rebuttal.

11. Any person necessary to authenticate documents.

**B. DOCUMENTS AND TANGIBLE THINGS IN PLAINTIFF'S POSSESSION, CUSTODY OR CONTROL THAT SUPPORT PLAINTIFF'S CLAIMS.**

Plaintiff presently believes that the following are documents or categories of documents that Plaintiff may use to support his claims:

1. All documents filed in the Debtors' underlying bankruptcy Case, including but not limited to all transcripts, proofs of claim, Debtors' Statement of Financial Affairs, and Bankruptcy Schedules.

2. All documents turned over by the Debtors to the Trustee, including QuickBooks file which Plaintiff has been unable to access to date.

3. All documents listed by Defendants in their Fed.R.Civ.P. 26(a)(1) disclosures.

4. All documents and communications between the Debtors and Firetree Development Corporation and/or Brent L. Hawker.

5. All documents and/or communications related to the Promissory Note between Debtors and Firetree Development Corporation and/or Brent L. Hawker.

6. All documents and/or communications related to the Deed of Trust between Debtors and Firetree Development Corporation and/or Brent L. Hawker.

7. All executed and/or recorded copies of the Promissory Note between Debtors and Firetree Development Corporation and/or Brent L. Hawker.

8. All executed and/or recorded copies of the Deed of Trust between Debtors and Firetree Development Corporation and/or Brent L. Hawker.

9. The books and records of Craftsman Homes & Interiors, LLC.

10. Any and all relevant documents recorded in the real property records of Freemont County, Colorado.

11. Any documents, electronically stored information, and/or tangible things discovered at a later date, which Plaintiff may use to support its claims or defenses.

12. Any documents, electronically stored information, and/or tangible things identified in F.R.C.P. 26(a)(1) disclosures, or any supplemental disclosure, by any party.

13. Any documents, electronically stored information, and/or tangible things appended to any motion or brief in this action.

14. Any documents, electronically stored information, and/or tangible things produced during discovery in this litigation by any party.

15. Any documents, electronically stored information, and/or tangible things marked as an exhibit at any deposition.

16. Any documents, electronically stored information, and/or tangible things prepared as demonstrative exhibits for trial.

17. Any documents, electronically stored informaton, and/or tangible things necessary for foundation, impeachment, or rebuttal.

The reasonably available documents and things identified above, which are currently in the possession, custody, or control of Plaintiff, may be accessed at the link to be provided to Defendants' counsel.

### C. COMPUTATION OF DAMAGES.

Damages sought consist of the Judgment entered and affirmed, as specified in the Complaint, along with all accrued interest, costs and attorney's fees incurred.

### D. INSURANCE.

Plaintiff is not aware of any applicable insurance policies.

Respectfully submitted this 21th day of October 2024.

**SPENCER FANE LLP**

By: /s/ *David M. Miller*
David M. Miller, #17915
Christiana L. Leinbaugh, #59943
1700 Lincoln Street, Suite 2000
Denver, CO 80203
Ph. (303) 839-3800
Fax (303) 839-3838
Email: dmiller@spencerfane.com
cleinbaugh@spencerfane.com

*Attorneys for Plaintiff Robertson B. Cohen*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 21, 2024, a true and correct copy of the above and foregoing **PLAINTIFF'S INITIAL DISCLOSURES PURSUANT TO F.R.B.P. 7026 AND F.R.C.P. 26(a)(1)** was served on all parties through the Court's CM/ECF system in compliance with the Federal Rules of Bankruptcy Procedure and the Court's Local Rules.

Mark D. Francis, Esq.
1155 Kelly Johnson Blvd., Suite 111
Colorado Springs, CO 80920
Email: mdfesq@earthlink.net

                                         */s/ Morgan L. Bir*
                                         Morgan L Bir, Paralegal