**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| In RE: | ) |
| | ) |
| DWIGHT SAMUEL MULBERRY, | ) |
| SSN: XX-XXX-2755 | ) Case No. 23-10804-JGR |
| | ) |
| JONI MICHELLE MULBERRY | ) |
| SSN: XX-XXX-8923 | ) Chapter 7 |
| | ) |
| Debtors. | ) |
| _____ | ) |
| | ) |
| ROBERTSON B. COHEN, Chapter 7 | ) |
| Trustee, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Adv. Proc. No. 24-01130-JGR |
| v. | ) |
| | ) |
| FIRETREE DEVELOPMENT | ) |
| CORPORATION, a Colorado Corporation | ) |
| and BRENT L. HAWKER, an individual. | ) |
| | ) |
| Defendants and Counterclaim Plaintiffs. | ) |

**JOINT RULE 26 REPORT**

___

       The parties hereto, by and through their respective undersigned counsel, hereby submit the following report and proposed discovery schedule and plan, pursuant to Fed. R. Bankr. P. Rule 7026, and Fed. R. Civ. P. Rule 26(f).

**I.**     **Fed.R.Civ.P. 26(f) Meeting**

       1.     Counsel for the parties conferred on October 14, 2024, to discuss the topics required by Fed.R.Civ.P. 26(f)(2).

**II.**     **Proposed Discovery Plan**

       2.     The parties shall serve their initial disclosures required by Rule 26(a)(1) as required by the Court's Scheduling Order. The Parties have already made such Disclosures. The Parties have agreed that amended pleadings shall be filed and/or additional parties shall be joined by November 1, 2024.

**III.** **Topics of Discovery**

    3.    The parties propose the following discovery schedule and plan:

Discovery will be conducted with relation to the claims asserted by Plaintiff and the affirmative defenses raised thereto.

**IV.** **Discovery Limitations**

    4.    The parties have considered the discovery limitations set forth in L.B.R. 7026-2. There does not appear to be any need to deviate from the Local Rules.

**V.** **Electronically Stored Information and Complex Discovery Issues**

    5.    The Parties discussed whether the Adversary Proceeding will require extensive discovery of electronically stored information and/or present other complex discovery issues, including privilege of confidentiality. The parties do not believe that such issues are preset in this Adversary Proceeding at this stage.

Pursuant to F.R.B.P. 7005 and F.R.C.P. 5(b)(2)(E), the parties consent to electronic service of all papers in this proceeding.

**VI.** **Other Discovery Issues**

    6.    None at this time.

**VII.** **Deadline for Expert Disclosures**

    7.    The parties do not believe expert testimony will be required with relation to the issues raised in this matter. If a party opts to do so, expert reports required by Fed. R. Civ. P. 26(a) shall be provided as follows:

    a.    The parties shall be limited to two (2) expert witnesses per side.

    b.    Case-in-chief expert reports shall be due by December 15, 2024.

    c.    Rebuttal experts shall be due by January 10, 2025.

**VIII.** **Deadline for Fact and Expert Discovery**

    8.    All non-expert discovery shall be completed by January 31, 2025 (completed means that responses to written discovery requests are timely due by that date).

    9.    All expert discovery shall be completed by February 10, 2025.

**IX.    Duty to Supplement – Sanctions.**

      10.    All disclosures and responses to discovery shall be timely supplemented pursuant to Fed.R.Civ.P. 26(e). Failure to timely disclose, or to provide incomplete, false or misleading disclosures, may result in Fed.R.Civ.P. 37(c) sanctions.

**X.    Dispositive Motions Deadline**

      11.    The Parties expect this matter may be resolved via summary judgment. Dispositive Motions, if any, must be filed by March 10, 2025. All Motions for summary judgment shall comply with L.B.R. 7056-1. Responses shall be filed within 20 days after service of the Dispositive Motion. Replies shall be permitted without Court order and may be filed within 14 days after service of the Response.

**XI.    Pretrial Conference**

      12.    The parties request a final pretrial conference.

      13.    The Parties will continue to discuss their respective claims and defenses and the potential for settlement as this matter proceeds.

**XII.    Trial**

      12.    The parties agree that this Adversary Proceeding will be ready for trial on or after March 10, 2025. The parties anticipate that the trial will take one (1) to two (2) days, as it is expected there will be at least two (2) witnesses, and perhaps as many as six (6).

**XIII.    Alternative Dispute Resolution**

      13.    The parties do not request referral to mediation or other alternative dispute resolution at this time. The parties will continue to confer on the issues as warranted.

**XIV.    Jurisdiction and Consent**

      14.    The parties consent to this Court's jurisdiction and its ability to enter final orders herein on all claims for relief.

      WHEREFORE, the parties pray that the Court will enter its Order approving the proposed discovery schedule and plan.

Dated:  October 21, 2024                     **SPENCER FANE LLP**

By:   /s/ *David M. Miller*
David M. Miller, #17915
Christiana L. Leinbaugh, #59943
1700 Lincoln Street, Suite 2000
Denver, CO 80203
Ph.: (303) 839-3800
E-mail: dmiller@spencerfane.com
           cleinbaugh@spencerfane.com

ATTORNEYS FOR PLAINTIFF ROBERTSON B. COHEN, CHAPTER 7 TRUSTEE

Dated:  October 21, 2024

By:   /s/ *Mark D. Francis*
Mark D. Francis, #27885
1155 Kelly Johnson Blvd., Suite 111
Colorado Springs, CO 80920
Ph. (719) 625-6900
E-mail:  mdfesq@earthlink.net

ATTORNEY FOR DEFENDANTS FIRETREE DEVELOPMENT CORPORATION AND BRENT L. HAWKER

4

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2024, a true and correct copy of the above and foregoing **JOINT RULE 26 REPORT** was served on all parties through the Court's CM/ECF system in compliance with the Federal Rules of Bankruptcy Procedure and the Court's Local Rules.

Mark D. Francis, Esq.
1155 Kelly Johnson Blvd., Suite 111
Colorado Springs, CO 80920
Email: mdfesq@earthlink.net

                                           */s/ Morgan L. Bir*
                                           Morgan L. Bir, Paralegal