UNITED STATES BANKRUPTCY COURT

For the District of Colorado

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| DWIGHT SAMUEL MULBERRY | ) | |
| SSN: XX-XXX-2755 | ) | Case No.: 23-10804-JGR |
| | ) | |
| JONI MICHELLE MULBERRY, | ) | |
| SSN: XX-XXX-8923 | ) | |
| | ) | Chapter 7 |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| ROBERTSON B. COHEN, Chapter 7 | ) | |
| Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Ad. Pro. No. 24-01130-JGR |
| | ) | |
| FIRETREE DEVELOPMENT | ) | |
| CORPORATION, a Colorado Corporation | ) | |
| and BRENT L. HAWKER, an individual, | ) | |
| | ) | |
| Defendants. | ) | |

_____

DEFENDANTS' FIRETREE DEVELOPMENT CORPORATION AND BRENT L. HAWKER'S MOTION FOR A RULING BY THIS COURT *IN LIMINE* THAT THE DEBTOR WAS NOT INSOLVENT AT THE TIME OF THE PROPERTY TRANSFER AND CLAIMS OF INSOLVENCY CANNOT GO TO TRIAL
_____

Defendants, Firetree Development Corporation and Brent L. Hawker, ("Hawker") through counsel, Mark D. Francis, Esq., submit this Motion to secure from this Court a certain determination of a question of law and a ruling so any trial can be tailored to the remaining claims at issue. The Federal Rules of Civil Procedure and Bankruptcy Procedure do not specifically authorize motions for determinations of a question of law, as allowed by Colorado Rules of Civil Procedure. Nevertheless, such motions are routinely entertained in

1

the U.S. District Court for Colorado. *See, e.g., LaFondFX, Inc. v. Kopelman*, 2017 U.S. Dist. LEXIS 58248, *6 (D. Colo. 2017) (Jackson, J.); *Slawson Exploration Co. v. Arch Specialty Ins. Co.*, 2016 U.S. Dist. LEXIS 52268, *9 (D. Colo. 2016) (Mix, M.J.); *Rabin v. Fid. Nat'l Prop. & Cas. Ins. Co.*, 863 F. Supp. 2d 1107, 1110, 2012 U.S. Dist. LEXIS 71557, *5 (Babcock, J.).

With that in mind, Hawker requests this Motion to be treated as a motion for a determination of a question of law or as a motion *in limine* as allowed by 11 U.S.C. § 105(a), which allows Federal Courts in bankruptcy matters to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions" of bankruptcy law.

By ruling on the requested relief based on this Motion, this Court will decide an evidentiary matter essential to the proceedings, so as to rule at this time rather than waiting for objections and argument to be made at trial. This will simplify and streamline the case proceedings. The Court and the parties will know how to prepare for a trial that is framed on the remaining issues in the case once the rulings *in limine* are made by the Court.

## BACKGROUND AND SUMMARY

The Trustee's First, Third and Fourth Claims for Relief in the Complaint all allege that the Debtor was insolvent on the date the ownership of the Property was transferred by the Debtor to Firetree or the Debtor became insolvent as a result of the transfer. Complaint paragraphs 34, 46a, and 53. As the plaintiff, the Trustee bears the burden to prove the Debtor was insolvent on the date the ownership of the Property was transferred by the Debtor to Firetree or became insolvent as a result of the transfer. *Schempp v. Lucre Mgmt. Group, LLC,* 75 P.3d 1157, 1165 (Colo. App. 2003). The Trustee must prove its claims by the preponderance of the evidence standard. *Grogan v. Garner*, 498 U.S. 279 (1991). The Trustee cannot carry that burden and

the Court must rule the Debtor was solvent at the date of the transfer and thereafter as insolvency cannot be proven at trial.

Mr. Hawker's very detailed Affidavit is filed herewith and it provides testimony under oath to the facts therein and referenced in this Motion. The capitalized words herein are defined in his Affidavit.

The Trustee cannot carry its burden of proof because all of the documentary evidence proves the Debtor was solvent on the date of the transfer and remained so for a significant time thereafter. Any verbal testimony by the Debtor to the contrary will not be credible as it will be directly contradicted by clear documentary evidence. The Trustee has no expert witness to opine that the Debtor was insolvent at the date title was transferred. That is a matter for which an expert is required as solvency or insolvency is not information commonly known to the public.

It is indisputable that the Title to the Elm Avenue Property at issue was tendered to Firetree on December 20, 2021, thereby transferring ownership to Firetree. See generally Colorado law, Mr. Downie's expert report (filed herewith) that was not rebutted by the Trustee, Hawker's companion Motion for a ruling *in limine* regarding the same legal determination, and the Trustee's admission in the Complaint quoted below:

> 26. However, months earlier and on December 20, 2021, Debtor Dwight Mulberry also executed a Quitclaim Deed ("**Quitclaim Deed**") to the Elm Property, transferring title thereof from himself to Defendant Firetree (the "**Transfer**") for ten dollars ($10).

There can be no dispute December 20, 2021, was the date of the transfer.

In various paragraphs of the Complaint, the Trustee alleged that the Debtor was insolvent on the date title to the Property was transferred to Firetree by the Debtor. See paras 34, 46a, and 53. A determination of insolvency is a required element of proof for the Trustee to prevail on

3

claims 1[1], 3 and 4. That the Trustee cannot do. The Court must determine the question of law regarding solvency and rule *in limine* that the Debtor was not insolvent at the date of transfer of the Title to the Elm Property that is the subject of this case.

The applicable statute that the Trustee relied on to avoid the transfer of title reads in part as shown below:

> 11 U.S.C. 548(a)(1)(B)(ii)(I) [a claim is avoidable if the debtor] was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;

Insolvency can be determined by the either the Balance Sheet or the Cash Flow Method.

<u>Balance Sheet Method</u>

Under this test, for insolvency, the Trustee was required to produce proof that on December 20, 2021, the "sum of the debtor's debts [was] greater than all of the debtor's assets at a fair valuation". *CB Richard Ellis, Inc. v. CLGP, LLC,* 251 P.3d 523, 532 (Colo. App. 2010).

Section 103 of CUFTA defines the term "insolvent" as follows:

> (1) A debtor is insolvent if the sum of the debtor's debts is greater than all of the debtor's assets at a fair valuation.
> (4) Assets under this section do not include property that has been transferred, concealed, or removed with intent to hinder, delay, or defraud creditors or that has been transferred in a manner making the transfer voidable under this article.

As to subpart 4 above, there is no proof the Debtor "transferred, concealed, or removed" the Elm Property with any "intent to hinder, delay, or defraud creditors" or that it was "transferred in a manner making the transfer voidable under this article" so as to change the determination of solvency. Even if for arguments sake the value of the Elm Avenue Property is not included, the Debtor's financial information still shows he was solvent even absent the Elm Avenue Property value. See Christiansen Expert Report and 5 Star Bank Financial Statement

---

[1] Defendants also filed a motion for a ruling *in limine* as to the First Claim for Relief based on the date of the transfer of title under Colorado law.

from the Debtor which shows significant assets in addition to the Elm Property such that even if the Elm Property is not included, the Debtor was still solvent at the date of the transfer and thereafter.

The CUFTA method of determining insolvency "mirrors the balance sheet test for insolvency under the Bankruptcy Code." *Id.* (quoting *Krol v. Unglaub (In re Unglaub)*, 332 B.R. 303, 317 (Bankr. N.D. Ill. 2005). See CRS § 38-8-103, cmt. 1 (CUFTA's definition is "derived from" the Bankruptcy Code. The Court must determine "the 'fair value' of [the debtor's] assets and the extent of its liabilities at the time of the transfer". *CB Richard Ellis*, 251 P.3d at 534. There must be sufficient evidence for the Court to "re-create the financial condition of [the debtor] at the time when the transfer[s] took place" being December 20, 2021. *CB Richard Ellis*, 251 P.3d at 534.

There is no absolute proof of the Debtor's assets and liabilities as of December 20, 2021, that can be tendered to the Court for the Court to "re-create the financial condition of [the debtor] at the time when the transfer[s] took place. That alone makes it impossible for the Trustee to carry its burden of proof.

Furthermore, all of the proof of assets and liabilities on dates before December 20, 2021, and well after that date prove the Debtor was solvent and show asset values well in excess of debts. The also makes it impossible for the Trustee to carry its burden of proof. See Exhibit 2 the Debtor's financial statement and the fact that Craftsman Homes had receivables from projects to be completed totaling an anticipated $1,292,250. Exhibit 16. One half of those accounts receivable are assets of the Debtor because he owned half of Craftsman and the value of Craftsman ownership is part of the Debtor's assets. See Exhibit 7.

The Trustee has no expert opining that the Debtor was insolvent as of December 19, 2021 or on December 22, 2021.

Hawker's accountant's expert opinion / report by Ms. Christensen states she "found no evidence of financial insolvency" well before December 20, 2021, on December 20, 2021, and well after that date when title was transferred. See Report Exhibit 11.

The Trustee cannot now secure an affidavit from the Debtor stating he was insolvent on December 20, 2021, or before or well after, as such an affidavit would not credible evidence. It would be directly contradicted by all of the documentary evidence proving his solvency and as was also proven by Hawker's expert report. Once again, as all discovery is over, the Trustee cannot produce any rebuttal expert report stating the Debtor's insolvency that could be introduced in the proceeding. The Trustee cannot prove this required element of proof by the balance sheet method.

Cash Flow Method
Section 103 of the CUFTA also defines the term "insolvent" based on a presumption that someone is insolvent if they are generally not paying debts as they become due. See below:

(2) A debtor who is generally not paying his debts as they become due is presumed to be insolvent ....

The Trustee cannot prove cash flow insolvency either as the irrefutable evidence in this case through the Debtor's bank statements, credit report, and by Hawker's expert report shows the Debtor was solvent on the cash flow basis as he was generally paying all of his debts as they become due. The Trustee has provided no evidence of insolvency by the cash flow basis and has no expert to rebut Hawkers' expert report and proof, as bills were being paid on time at and well after December 20, 2021.

The Debtor's bank account records prove all manner of monthly payments regularly made before and after December 20, 2021. when title was transferred to Firetree. The Debtor's bank accounts had positive ending cash balances. His credit report shows regular payments of his expenses and no material late payments and a credit score of 690. New loans were then being approved by lenders. On September 24, 2021, 5Star Bank lent the Debtor $232,369

6

secured by a deed of trust on the Elm Property. Exhibit 12. A few days later, on September 27, 2021, 5Star Bank lent the Debtor another $230,853 also secured by a deed of trust on the Property. Exhibit 13. These loans totaled $463,222 and were issued to the Debtor just a few months before the Deed was tendered to Firetree by the Debtor and the loans were based on the Debtor's financial condition as reflected on his financial statement and no doubt the credit report showing timely payments of debts as they became due. Both loans were repaid in full and two releases were filed with the County clerk and recorder.

Also, on April 20, 2022, the Debtor secured a $1,203,450 loan from H & D Monument. Exhibit 14. That loan would have been impossible to get if the Debtor was insolvent by either the Balance Sheet or Cash Flow method.

Hawker detailed the Debtor's very solid financial condition at the time of the Title transfer at great length in Hawker's Responses to Interrogatories numbers 11, 12, 14, and 25; Responses to Requests for Admission 4, and 12, and Response to Request for Production 20. Those are attached as Exhibits 4, 5, 6.

Hawker's accountant's expert opinion / report fully disproves the allegation the Debtor was insolvent as it clearly shows the Debtor was solvent at the time of the transfer of Title and for some period of time both before and after the transfer of Title.

The Trustee cannot prove the Debtor was insolvent on the date the transfer of Title was made. The Trustee cannot prove the Debtor became insolvent as a result of the transfer of Title to Firetree.

On the date that the Title was transferred to Firetree, the Debtor was very solvent and the irrefutable evidence in this case, including the Debtor's bank statements, credit report, and Hawker's accounting expert report, shows no presumption of insolvency can be asserted by the Trustee on the cash flow basis. The Trustee cannot carry its burden on this required element of proof.

7

Before the Court can consider whether or not Mulberry's remaining property after the transfer of title to Firetree on December 20, 2021, was an unreasonably small capital for his business or for a business or a transaction in which he was about to engage, the Court must make a determination that "less than a reasonably equivalent value" was tendered to the Debtor. That threshold determination that "less than a reasonably equivalent value" was tendered to the Debtor of is also being determined by this Court in a companion filing by Hawker.

Per the Complaint, to prevail on these claims for relief, the Trustee must also prove the following:

> 46. On the date that the Transfer to Defendant Firetree occurred:
> b. Debtor Dwight Mulberry was engaged in business or a transaction, or was about to engage in business or transactions, for which any property remaining with him was an unreasonably small capital;

The Statute in pertinent part reads

> 548(a)(1)(B)(ii)(II) [a claim is avoidable if the debtor] was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital;

On December 20, 2021, the Debtor transferred Title to Firetree. Four months later, on April 20, 2022, the Debtor borrowed the sum of $1,203,450 from H & D Monument. The $1,203,450 loan was approved by H & D Monument ostensibly based on the Debtor's more than reasonable property and capital. The Trustee has produced no evidence the contrary, such as any affidavit from that lender. The Trustee also has no proof that as of December 20, 2021, the Debtor "was about to engage in business or transactions, for which any property remaining with him was an unreasonably small capital" as the new $1,203,450 loan proves otherwise.

That loan amount was significantly higher than the Property Value and Debtor's 5 Star Bank loan application, financial statement, and expected income from sales in progress of $1,292,250 showed very significant levels of remaining property and substantial capital to do business and transactions at the date of the Deed and the Trustee cannot carry its burden of proof.

8

And, per the Complaint, the Trustee must also prove

<u>46. On the date that the Transfer to Defendant Firetree occurred:
c. Debtor Dwight Mulberry intended to incur, or believed that he would incur, debts that would be beyond his ability to pay as such debts matured.</u>

The Statute reads in part:

548(a)(1)(B)(ii)(III) [a claim is avoidable if the debtor] intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured; or

The Trustee has produced no documentary proof of the Debtor's "intent" to incur, nor any proof of any such "belief" on his behalf that he would incur, debts that would be beyond his ability to pay as such debts matured. The Trustee also has no affidavit from the Debtor stating and proving any alleged intent or belief he could not pay future debts. The H & D loan proves the opposite as it proves the Debtor's intent to continue operations and repay debts from future profits realized from the $1,292,250 estimated profits from then ongoing operations and other sources of funds, like loan proceeds. Hawker's accountant's Expert Report proves the Debtor could not have intended to incur debts beyond his ability to pay, and shows the opposite intent, as does the $1,292,250 of projected income from property sales, the profits from which would flow to the Debtor for paying bills.

The Trustee cannot carry his burden of proof on this required element and has no expert to prove to this Court that the Debtor was insolvent.

Based on the facts of this case and controlling authority, the Court can and must issue an order ruling *in limine* that the Debtor was solvent on December 20, 2021, and before and thereafter, and also either grant judgment to Hawker and against the Trustee on the Trustee's allegations of insolvency in the First, Third, and Fourth Claims for Relief or in the alternative dismiss with prejudice the Trustee's allegations of insolvency in the First, Third, and Fourth Claims for Relief.

9

Because the allegation in the Complaint did not meet Fed. R. Civ. P. 11 pleading requirements, the Court can and must also award to Hawker all of Hawker's costs, including expert costs, and also Hawker's attorneys fees, incurred in addressing this demonstrably frivolous, groundless and vexatious claim for relief.

The proposed form of order is filed herewith.

Respectfully submitted this 22nd day of August, 2025.

/s/Mark D. Francis
Mark D. Francis, #27,885
1155 Kelly Johnson Blvd., Suite 111
Colorado Springs, CO 80920
Telephone: 719-265-6900
Email: mdfesq@earthlink.net
Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2025, I filed a copy of this Motion with the Court and served counsel as noted below through the Court's CM/ECF system in compliance with the FED. R. BANKR. P. and the L.B.R.

**SPENCER FANE LLP**
David M. Miller, #17915
Christiana L. Leinbaugh, #59943
1700 Lincoln Street, Suite 2000
Denver, CO 80203
Ph.: (303) 839-3800
E-mail: dmiller@spencerfane.com
cleinbaugh@spencerfane.com

/s/Mark D. Francis